| | |
|---|---|
| Troy D., and Iris Maldonado, as Administrator of the Estate of O.S.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Mickens, et al.,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-2902<br>(JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

DECHERT LLP
By: John J. Sullivan
902 Carnegie Center, Ste. 500
Princeton, NJ 08540

and

CLARK LAW OFFICES P.A.
By: Bruce W. Clark
103 Carnegie Center, Ste. 300
Princeton, NJ 08540
    Counsel for Plaintiffs

MICHAEL J. LUNGA ESQ. LLC
By: Michael J. Lunga
23 Vreeland Road, Ste. 250
Florham Park, NJ 07932
    Counsel for Defendants Ellen Zupkus, Jason Fleming, Tara
    Lally, Angela Clack, Keli Drew-Lockhart, Susanna Carew,
    Robert Randolph.

**IRENAS**, Senior District Judge:

Plaintiffs Troy D. ("Troy") and O'Neill S. ("O'Neill")[1] initiated this action seeking compensatory and punitive damages, and declaratory and injunctive relief, for injuries they suffered while in the custody of the New Jersey Juvenile Justice Commission ("JJC"). Plaintiffs brought this action pursuant to 42 U.S.C. §1983[2], N.J.S.A. §10:6-2, and under general theories of negligence. Pending before the court is a motion to dismiss with prejudice and without costs the Plaintiffs' negligence claims against Defendants Ellen C. Zupkus, Ph.D, Jason S. Fleming, Psy.D., Tara M. Lally, Ph.D., Angela Clack, Psy.D., Keli Drew-Lockhart, Psy.D., and Susanna Carew, Psy.D. ("Mental Health Defendants"). The basis of the Motion to Dismiss is that Plaintiffs did not file affidavits of merit as required by N.J.S.A. 2A:63A-26 to -29. For the reasons stated herein, the Mental Health Defendants' motion will be denied.

**I.**

The Second Amended Complaint alleges the following facts.

---

[1] On January 19, 2012, the Court was notified of the death of Plaintiff O'Neill S. (Dkt. No. 82) Consequently, Iris Maldonado, as Administrator of O'Neill S.'s estate was substituted for O'Neill S. as a plaintiff in this action. (Dkt. No. 91)

[2] The court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

2

On February 18, 2009, Troy, then 15 years old, was adjudicated delinquent by the Superior Court of New Jersey and ordered to be committed to the custody of the JJC.[3] (Second Am. Compl. ¶ 74.) Troy remained in custody from February 25, 2009, until October 7, 2009, for a total of 225 days.[4] (*Id.* ¶ 80.) For approximately 178 to 188 of those days, Troy was held in isolation under a special observation status requiring close or constant watch, purportedly for his own safety. (*Id.* ¶ 81)

On February 27, 2009, O'Neill, then 16 years old, was adjudicated delinquent for conspiracy to distribute CDS[5] and committed to the custody of the JJC. (*Id.* ¶ 120.) Between June 2009 and October 2010, O'Neill was held in isolation for approximately fifty days, awaiting hearings for alleged disciplinary violations. (*Id.* ¶ 125.)

---

[3]   Troy was adjudicated delinquent on three counts of violation of probation, fourth degree criminal sexual contact, two counts of fourth degree aggravated assault, third degree aggravated assault, and third degree criminal restraint. (Lemane Cert. Ex. A.)

[4]   Troy spent a majority of the time confined at the Juvenile Medium Security Facility ("JMSF") in Bordentown, New Jersey, but was also confined for shorter periods of time at the Juvenile Reception and Assessment Center ("JRAC") and the New Jersey Training School ("NJTS"). (Second Am. Compl. ¶ 77.) JMSF, JRAC and NJTS are all JJC-operated facilities. (*Id.* ¶¶ 28-29.)

[5]   The Court understands "CDS" to refer to controlled dangerous substances, notwithstanding Plaintiffs' characterization of O'Neill's offense as "conspiracy to distribute compact discs." (Am. Compl. ¶ 120.)

While Plaintiffs were placed in isolation for different reasons, the conditions they experienced were similar. Both Plaintiffs were confined to a seven-foot-by-seven-foot room and allowed out only for hygiene purposes. (*Id.* ¶¶ 86, 169.) The rooms contained only a concrete bed slab, a toilet, a sink, and a mattress pad. (*Id.*) Both Plaintiffs were denied any educational materials or programming, and were prevented from interacting with their peers. (*Id.*) In addition, Plaintiffs were refused mental health treatment during their periods in isolation, and were deprived of other necessary medical treatment. (*Id.* ¶ 1.)

On June 7, 2010, Troy initiated this action by filing a complaint in this court against the Mental Health Defendants, and multiple defendants associated with the JJC. In the present case, the Mental Health Defendants are all psychologists with University Correctional Healthcare within the University of Medicine and Dentistry of New Jersey.[6] (*See id.* ¶ 66-73.) University Correctional Healthcare, along with Universal Behavioral Healthcare, has an interagency agreement with the New Jersey Department of Corrections to manage all aspects of mental

---

[6] In the Second Amended Complaint, Robert Randolph, M.D., is included as a Mental Health Defendant. (Second Am. Compl. ¶ 72.) However, there is no dispute that Defendants have submitted an affidavit of merit as to Dr. Randolph. Therefore, he is not a party to the instant Motion to Dismiss.

4

health care provided to juveniles within JJC facilities.  (*Id*. ¶ 65.)

An Amended Complaint was filed on December 2, 2010.  (Dkt. No. 10.)  Subsequently, defendants moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  On August 25, 2011, this Court denied those motions.  (Dkt. No. 50.)

The Complaint was most recently amended on December 14, 2011.  (Dkt. No. 77.)  The Second Amended Complaint asserts that Plaintiffs were subjected to excessive isolation and denied access to education, treatment and other therapeutic support, (Second Am. Compl. ¶ 1) and includes claims arising under 42 U.S.C. § 1983, the New Jersey Civil Rights Act, the New Jersey Constitution, and common law negligence.

Currently pending before the Court is the Mental Health Defendants' motion to dismiss Plaintiffs' negligence claims with prejudice and without costs for failure to supply timely affidavits of merit in support of their claims.  At present, the Mental Health Defendants do not seek the dismissal of any other claims asserted by Plaintiffs.  The Court has received a brief in support from the Mental Health Defendants, and a brief in opposition from the Plaintiffs.  The Mental Health Defendants

have not filed a reply brief to the Plaintiffs' brief in opposition.

**II.**

N.J.S.A. 2A:53A-27 (the "Affidavit of Merit Statute") provides that:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices...

N.J.S.A. 2A:53A–27.

Defendants argue that Plaintiffs' negligence claims must be dismissed because Plaintiffs have failed to provide affidavits of merit for the Mental Health Defendants. It is undisputed that if the Affidavit of Merit Statute applies, and no exception is warranted, dismissal of Plaintiffs' negligence claims is appropriate. *See generally Paragon Contrs., Inc. v. Peachtree Condo. Ass'n,* 202 N.J. 415, 422 (2010) ("Neglecting to provide an affidavit of merit ... generally requires dismissal with prejudice because the absence of an Affidavit of Merit strikes at the heart of the cause of action."); *Couri v. Gardner,* 173

N.J. 328, 333 (2002) ("failure to provide an affidavit results in dismissal of the complaint.... [T]he overall purpose of the statute is to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation.") (internal citations and quotations omitted).

In the instant case, however, the Affidavit of Merit Statute does not apply. N.J.S.A. 2A:53A-26 lists who constitutes a "licensed person" for the purposes of the Affidavit of Merit Statute. Specifically, N.J.S.A. 2A:53A-26 states:

> As used in this act, "licensed person" means any person who is licensed as:
>
> a. an accountant pursuant to P. L.1997, c. 259 (C.45:2B-42 et seq.);
>
> b. an architect pursuant to R.S.45:3-1 et seq.;
>
> c. an attorney admitted to practice law in New Jersey;
>
> d. a dentist pursuant to R.S.45:6-1 et seq.;
>
> e. an engineer pursuant to P.L.1938, c. 342 (C.45:8-27 et seq.);
>
> f. a physician in the practice of medicine or surgery pursuant to R.S.45:9-1 et seq.;
>
> g. a podiatrist pursuant to R.S.45:5-1 et seq.;
>
> h. a chiropractor pursuant to P.L.1989, c. 153 (C.45:9-41.17 et seq.);
>
> i. a registered professional nurse pursuant to P.L.1947, c. 262 (C.45:11-23 et seq.);

>    j. a health care facility as defined in section 2 of
>    P.L.1971, c. 136 (C.26:2H-2);
>
>    k. a physical therapist pursuant to P.L.1983, c. 296
>    (C.45:9-37.11 et seq. );
>
>    *l.* a land surveyor pursuant to P.L.1938, c. 342
>    (C.45:8-27 et seq.);
>
>    m. a registered pharmacist pursuant to P.L.2003, c.
>    280 (C.45:14-40 et seq.);
>
>    n. a veterinarian pursuant to R.S.45:16-1 et seq.;
>    *o*. an insurance producer pursuant to P.L.2001, c.
>    210 (C.17:22A-26 et seq.); and
>
>    p.   a certified midwife, certified professional
>    midwife, or certified nurse midwife pursuant to
>    R.S.45:10-1 et seq.

N.J.S.A. 2A:53A-26.

The New Jersey Appellate Division has held that the Affidavit of Merit Statute is exclusive to those licensed professionals listed in the statute. For example, in *Saunders v. Capital Health System at Mercer*, 942 A.2d 142, 146 (N.J. Super. App. Div. 2008), *abrogated on other grounds by Paragon Contractors, Inc. v. Peachtree Condo. Ass'n*, 997 A.2d 982 (N.J. 2010) the Superior Court of New Jersey, Appellate Division held that a Plaintiff did not need an affidavit of merit to sue a licensed midwife because midwives were not listed in N.J.S.A. 2A:53A-26. The Appellate Division further noted that "[h]ad the Legislature intended N.J.S.A. 2A:53A-26 to apply to other unspecified licensed health providers, it could easily have

prefaced the licensed persons listed with the words 'including but not limited to.' It chose not to do so."[7]

This district implemented *Saunders*' analysis in *Mirow v. Lebovic*, 2009 WL 5206249 (D.N.J. 2009). In *Mirow* the court denied a motion to dismiss for failure to provide an Affidavit of Merit for a licensed optometrist on the grounds that "an 'optometrist' is not included in the list of 'licensed persons'." *Id.* at *2. The *Mirow* court further reasoned that the defendant did not provide "any argument for why the Court should not follow the Appellate Division's analysis in *Saunders*." *Id.*

In the instant case, the Mental Health Defendants are all psychologists. Psychologists are not included in the list of licensed persons under N.J.S.A. 2A:53A-26.[8] Therefore, as in *Saunders* and *Mirow*, no affidavits of merit are required. Additionally, analogous to *Mirow*, the Mental Health Defendants have failed to present any argument for why this court should not follow *Saunders*. *See Mirow*, 2009 WL 5206249, at *2.

---

[7] The Affidavit of Merit Statute was amended on December 12, 2010 to include midwives. N.J.S.A. 2A:53A-26(p); L.2010, c. 88, § 1, eff. Dec. 12, 2010.

[8] Defendants do not argue that a psychologist can be considered a "physician in the practice of medicine or surgery." Even if Defendants did raise this argument it would be unavailing because psychologist is not defined pursuant to N.J.S.A. 45:9-1, but rather N.J.S.A 45:14B-2. *C.f. Mirow v. Lebovic*, 2009 WL 5206249, at *1 n.3 (D.N.J. 2009).

9

**II.**

For the foregoing reasons, the Mental Health Defendants' Motion to Dismiss Plaintiffs' professional negligence claims will be denied.[9]  An appropriate Order will accompany this Opinion.


Date: June  20 , 2013                          ___s/Joseph E. Irenas_____
                                               **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[9] The Court is aware that Plaintiffs have also argued that the Mental Health Defendants' motion to dismiss should be barred under the theories of equitable estoppel and laches.  Because the Court has denied the Motion to Dismiss on the basis that no affidavits of merit were required, the Court does not reach the question of whether the Motion to Dismiss is barred by laches or equitable estoppel.